**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0612-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ASHLEY GEORGES,

    Defendant-Appellant.

_____

Submitted June 21, 2017 — Decided  August 11, 2017

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment Nos.
00-04-1057, 00-06-1768, 01-05-2180.

Ashley Georges, appellant pro se.

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Andrew R.
Burroughs, Special Deputy Attorney General/
Acting Assistant Prosecutor, on the brief).

PER CURIAM

    Inmate Ashley Georges, who is serving a life sentence with a
thirty-year mandatory minimum term, appeals from a June 29, 2015

order denying his motion to vacate fines. We reverse and remand to the Department of Corrections (DOC) to recalculate defendant's current financial obligation, if any, in conformity with the State's concession.

Defendant raises the following issue on appeal:

> POINT I: APPELLANT APPEALS THE DENIAL OF HIS MOTION TO REVOKE AND REFUND FINES INAPPROPRIATELY TAKEN FROM HIS PRISON ACCOUNT FOR FINES THAT EXCEED THE SENTENCING JUDGE'S AMOUNT IMPOSED AND IS NOT IN ACCORDANCE WITH THE JUDGE'S TIME AND METHOD OF PAYMENT IMPOSED.

Defendant argues that the sentencing court ordered the fines and penalties to be paid through parole and therefore the money should not have been deducted from his inmate account. This argument is without sufficient merit to discuss in a written opinion. R. 2:11-3(e)(2). He also argues that the DOC did not properly calculate the money he owed from various convictions.

The State concedes that the sums owed were miscalculated. It notes that defendant's convictions in 2000 for drug and gun offenses were overturned on double jeopardy grounds, thus negating any financial penalties incurred. State v. Georges, 345 N.J. Super. 538, 548 (App. Div. 2001). It notes also that the motion judge reduced the Drug Enforcement and Demand Reduction (DEDR) penalty, N.J.S.A. 2C:35-15, for Indictment 01-05-2180 by $500.

After reviewing defendant's criminal history and money assessed and paid beginning in 1996, the State writes:[1]

> Contrary to the DOC payment record, the aggregate amount owed is $3894.00. DOC payment records show that defendant . . . paid $3,307.96 as of March 7, 2015. Thus, as of March 7, 2015, defendant's outstanding balance should read $589.04.

The State recommends that we remand to the DOC to conduct a thorough audit of defendant's account including the "carry forward balance" of $3618.50 to the DOC "new system." Pending such an audit, we direct the DOC to recalculate defendant's debt, assuming he owed $589.04 as of March 7, 2015, as calculated by the State. Any overpayments should be returned to defendant's account.

Reversed and remanded to the DOC. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] We appreciate the State's diligence in reviewing defendant's inmate account.

A-0612-15T4